# STATE OF FLORIDA v CATRON

## Case No. 743981U

County Court, Hillsborough County

April 5, 1991

### APPEARANCES OF COUNSEL

**Leland Baldwin,** Assistant State Attorney, for plaintiff.

**Victor J. Pellegrino, Esquire,** Yado, Keel, Nelson & Bergmann, P.A., for defendant.

DEBRA K. BEHNKE, County Judge.

*ORDER GRANTING IN PART DEFENDANT'S MOTION TO SUPPRESS BREATH TEST RESULTS BASED UPON UNCONSTITUTIONALITY OF HRS RULES 10D-42.023 AND 10D-42.024 ON THEIR FACE AND AS APPLIED TO THE DEFENDANT*

The defendant was charged with Driving Under the Influence of Alcohol in violation of section 316.193, Florida Statutes. After his arrest he was offered a breath test in accordance with section 316.1932(b)(, Florida Statutes. The defendant now moves to suppress the breath test results based on alleged infirmities in the state's breath testing procedures.

The Florida legislature adopted section 316.1932(b) to ensure reliable testing and to protect the health of those being tested, and in order to do this they directed law enforcement to use only approved testing techniques and measures. It directed the Department of H.R.S.,

"to approve satisfactory techniques or methods."

316.1932(b) Florida Statutes

Section 316.1932(b) provides that in order for a breath test to be valid under that section it . . .

"must have been performed substantially according to methods, approved by H.R.S. For this purpose, the department is authorized to approve satisfactory techniques or methods."

Florida Administrative Code 10D-42.023 governs the registration and yearly accuracy check of individual machines and provides:

All chemical breath test instruments or devices used for breath testing under provisions of Chapter 316 and 327, Florida Statutes shall be previously checked, approved for proper calibration and performance, and registered, by authorized personnel of the department by trade name, model number, serial number and location, on forms provided by the department. All such chemical test instruments registered hereunder shall be checked at least once each calendar year for accuracy and reproducibility.

With regard to monthly checks, rule 10D-42.024(11)(d), which governs the monthly checks for the Intoxilyzer 5000 Series, provides:

Maintenance Procedures—Preventative maintenance shall be performed in accordance with procedures outlined in H.R.S. form 1514,

Sep 82, "Breath Alcohol Instruments Check List—Preventative Maintenance Procedures," which is incorporated by reference.

The defendant claims that the H.R.S. rules fail to sufficiently ensure test reliability because the rules do not contain a specific procedure for yearly accuracy checks or standards of performance for either the yearly or monthly accuracy checks.

The state argues that the defendants may not assert these arguments in this Court. It argues that the arguments are essentially challenges to the validity of the promulgated rules and, as such, should be attacked by administrative procedures under the Administrative Procedures Action § 120.50 et. seq., Florida Statutes.

Under the due process clause a defendant has the right during his criminal prosecution to challenge the validity of a statute or rule he is charged with violating. See e.g. *State v Cummins,* 365 So.2d 153 (Fla. 1978). Due process requires that the defendant be allowed to challenge the state's regulatory scheme for breath testing during his criminal prosecution.

Therefore, the Court rejects the State's argument that the issues should not be litigated in this court before exhausting administrative remedies.

In this case the State presented testimony from State Inspector Buck Justice, Ed Owens from Central Breath Testing and Martin Apsey from Central Breath Testing. Defense counsel presented testimony from State Inspector Paul Tomlinson and some exhibits containing forms used by the various inspectors and technicians.

The State had argued in their Memorandum of Law in support of their response to Defendant's Motion to Suppress that although H.R.S.'s formally promulgated rules do not themselves specify a procedure for the yearly checks or standards of performance for the yearly or monthly checks, there are established procedures and standards for the yearly and monthly checks actually used by personnel who conduct these checks.

This claim was not supported by the evidence presented. In fact the testimony presented revealed that each inspector and technician had a different idea of what procedures were required under the rules.

As the rules promulgated by the Department of H.R.S. for implementing guideline of 316.1932(b) do not sufficiently set standards reference a statewide policy for testing the machines on an annual and monthly basis, it logically results in an unconstitutional application of the statute. *State v Cummings,* 365 So.2d 153.

The inadequacy of the rules in addressing the statutory guidelines of 316.1932(b) Florida Statutes, leaves the Department broad discretion to employ any standard. Therefore the rules are far too vague and overbroad to be suitable as standards to assure the accuracy of the breathalyzer machines.

For the foregoing reasons, the Court grants the Defendant's Motion to Suppress in part and holds that H.R.S. Rules 10-D41-023 and 10D-42.024 are vague and overbroad.

Because the rules indicated are vague and overbroad and Florida Statute 316.1932(b) requires "substantial compliance" with said rules, this Court finds that Section 316.1932(b) Florida Statutes cannot be applied constitutionally.

Therefore, it is hereby

ORDERED AND ADJUDGED that the breathalyzer results in this case are hereby suppressed.

DONE AND ORDERED in Chambers in Tampa, Hillsborough County, Florida, this 5th day of April, 1991.